IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT E. COFIELD,

       Plaintiff,               No. 2:12-cv-2343 EFB P

    vs.

G. SWARTHOUT, et al.,

       Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.
§ 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma
pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
§ 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
Rules, Appx. A, at (k)(4).

**I.      Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.
Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and
(2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to
collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.
§ 1915(b)(1) and (2).

## II.     Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim.  Thus, to proceed plaintiff must file an amended complaint.

1    The complaint names as defendants Warden Swarthout, CCIIR Long, CCIA Valencia,

2    C.O. Buckner, CCI Baker, CCI Hughes, and C.O. Vera.  It alleges that defendant Valencia

3    "violated several court orders," violated plaintiff's "right to file a grievance without reprisal,"

4    and denied plaintiff access to the courts "by not honoring [plaintiff's] court order[ed] phone

5    calls." Dckt. No. 1 at 5.  Defendants Hughes and Baker allegedly told Valencia that her behavior

6    was unacceptable.  *Id.*  Defendants Long and Lewis allegedly responded to plaintiff's inmate

7    grievance against Valencia.  *Id.*  Plaintiff alleges that "the court got so fed up with [defendants]

8    not adhering to the court order," that it began sending orders directly to the Warden's office.  *Id.*

9    Plaintiff alleges he had filed inmate grievances against defendant Valencia and Long, and that

10   they "act[ed] in collusion" and had plaintiff "transferred adversely."  *Id.* at 6.  According to

11   plaintiff, the transfer was "illegal."  *Id.* at 7.  Plaintiff also describes what appears to be an

12   unrelated incident, wherein defendant Vera allegedly packed plaintiff's property, and plaintiff

13   was later falsely accused and found guilty of possessing a cell phone.  *Id.*  Although plaintiff

14   purports to bring an action pursuant to § 1983, he does not allege that a federal right was

15   violated.

16   The allegations in the complaint are too vague and conclusory to state a cognizable claim

17   for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give

18   fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community*

19   *Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

20   degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id*.

21   Because plaintiff fails to plausibly state a claim for relief, the complaint must be dismissed.  The

22   court will, however, grant leave to file an amended complaint.

23   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

24   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

25   the alleged violation was committed by a person acting under the color of state law.  *West v.*

26   *Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim*, 584 F.3d at 1271 n.4.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this right must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

1    There are no constitutional requirements regarding how a grievance system is operated.

2  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss

3  of a liberty interest in the processing of his appeals does not violate due process because

4  prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus,

5  plaintiff may not impose liability on a defendant simply he or she played a role in processing

6  plaintiff's inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an

7  administrative "grievance procedure is a procedural right only, it does not confer any substantive

8  right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the

9  procedural protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to

10  process any of Buckley's grievances, without more, is not actionable under section 1983."

11  (internal quotations omitted)).

12    To state a claim for violation of the right to procedural due process, plaintiff must allege

13  facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

14  (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

15  2003).  State regulations may create a liberty interest in avoiding restrictive conditions of

16  confinement if those conditions "present a dramatic departure from the basic conditions of [the

17  inmate's] sentence."  *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

18    In the context of a disciplinary proceeding where a liberty interest is at stake, due process

19  requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S.

20  445, 455 (1985).  The inmate must also receive: "(1) advance written notice of the disciplinary

21  charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to

22  call witnesses and present documentary evidence in his defense; and (3) a written statement by

23  the factfinder of the evidence relied on and the reasons for the disciplinary action."  *Id.* at 454

24  (citing *Wolff*, 418 U.S. at 563-67).

25    Prisoners have no liberty interest in avoiding being transferred to another prison. *See*

26  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976);

*United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).  Inmates have "no

justifiable expectation" that they will  be incarcerated in any particular prison, and transferring

an inmate to another prison does not infringe a protected liberty interest.  *Olim*, 461 U.S. at 245;

*Vitek v. Jones*, 445 U.S. 480, 489 (1980).

Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The

controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, []

as independent or as alternate claims, as many claims . . . as the party has against an opposing

party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1

should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against

different defendants belong in different suits, not only to prevent the sort of morass [a multiple

claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

(joinder of defendants not permitted unless both commonality and same transaction requirements

are satisfied).  Any amended complaint may not change the nature of this suit by alleging new,

unrelated claims.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

Should plaintiff choose to file an amended complaint, the amended complaint shall

clearly set forth the claims and allegations against each defendant.  It must also allege a

cognizable legal theory against a proper defendant and sufficient facts in support of that

cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in

itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in dismissal of this action.

Dated:  March 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE