UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. COFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>G. SWARTHOUT, et al.,<br><br>    Defendants. | No. 2:12-cv-2343-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS[1] |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that defendants Buckner, Long, and Valencia retaliated against him for engaging in protected conduct and thereby violated the First Amendment. Currently pending before the court is defendant Valencia's motion to dismiss for failure to state a claim. ECF No. 30. For the reasons discussed below, the motion must be denied.

**I.  The Complaint**

Plaintiff filed his first amended complaint ("FAC") on May 8, 2013. ECF No. 17. The court found that the FAC stated cognizable First Amendment retaliation claims against defendants Buckner, Long, and Valencia. ECF No. 19 at 5. The allegations relating to plaintiff's claim against Valencia include the following:

---

[1] Defendants did not respond to the court's order directing them to complete and return the form indicating either their consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

On August 14, 2011, plaintiff filed an administrative grievance against defendant Valencia for denying him access to the courts. *See* ECF No. 17 at 7, 37.[2] That grievance was based on Valencia's alleged interference with plaintiff's civil suit in Alameda County Superior Court. *Id.* at 5-7, 31-35. On February 29, 2012, Valencia participated in a committee hearing involving plaintiff's custody status. *Id.* at 11-12. In a "blatant form of retaliation," the committee improperly classified plaintiff as a sex offender and put plaintiff up for an adverse transfer. *Id.* at 12. Plaintiff challenged Valencia's conduct at the committee hearing through another administrative grievance. *Id.* at 14. Plaintiff was transferred to a different prison on March 26, 2012, the same week that his administrative grievances were rejected. *Id.* Plaintiff claims that Valencia took adverse action against him because he exercised his right to file a grievance. *Id.* at 15, 19.

## II.     Rule 12(b)(6) Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

/////

---

[2] For ease of reference, all references to page numbers in the complaint are to those assigned via the court's electronic filing system.

2

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.   Analysis**

Defendant Valencia argues that the FAC does not state a First Amendment retaliation claim against her.

/////

/////

3

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The First Amendment protects a prisoner's right to file prison grievances. *Id.* at 567. "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Defendant Valencia argues that the FAC fails to state a viable retaliation claim against her. Specifically, she contends that her alleged interference with plaintiff's civil suit in Alameda County Superior Court predated—and therefore could not have been motivated or caused by—plaintiff's August 14, 2011 grievance against her. ECF 30-1 at 4. Valencia's emphasis on her alleged interference with the civil suit in Alameda County Superior Court is misguided; that interference is not the conduct that plaintiff alleges was retaliatory. Rather, plaintiff's retaliation claim is based on Valencia's participation in the February 29, 2012 committee hearing that resulted in his improper sex offender classification and adverse transfer.[3] ECF. No. 17 at 11. The committee hearing, sex offender classification, and adverse transfer postdated the August 14, 2011 grievance by more than six months. *Id.* The FAC not only alleges a chronology of events from which retaliation can be inferred, *see Watison*, 668 F.3d 1114, but explicitly alleges that the committee hearing, sex offender classification, and adverse transfer were retaliatory acts, *see* ECF No. 17 at 12. While Valencia denies the allegation, she has not shown that plaintiff's allegations are insufficient to state a claim for retaliation in violation of the First Amendment.

/////

---

[3] Defendant acknowledges these allegations for the first time in her reply brief and argues that they too, are insufficient to state a claim upon which relief may be granted. *See* ECF No. 34 at 2-3. The court declines to address this argument as it was improperly raised for the first time in defendant's reply brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

Accordingly, defendant Valencia's motion to dismiss must be denied.

### IV.    Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that defendant Valencia's February 21, 2014 motion to dismiss (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE