1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VINCENT E. COFIELD,                    No.  2:12-cv-2343-MCE-EFB P

12              Plaintiff,

13         v.

14   G. SWARTHOUT, et al.,                  ORDER

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He has filed a "Motion for Exten[s]ion of Time," which would necessitate a

19   modification of the scheduling order.  ECF No. 41.  For the reasons that follow, plaintiff's motion

20   is granted.

21                          **I.  Background**

22        Plaintiff filed his original complaint initiating this lawsuit on September 12, 2012, ECF

23   No. 1, and is now proceeding on his first amended complaint, ECF No. 17.  The court screened

24   the amended complaint on August 14, 2013, and found that it stated cognizable claims against

25   defendants Buckner, Long, and Valencia.  ECF No. 19.

26        On July 30, 2014, defendants filed an answer to plaintiff's first amended complaint.  ECF

27   No. 39.  The following day, July 31, 2014, the court issued a Discovery and Scheduling Order

28   ("scheduling order" or "order").  ECF No. 40.  That order explained that the parties may conduct

                                    1

1   discovery until November 21, 2014, and that the parties must serve all requests for discovery

2   pursuant to Federal Rules of Civil Procedure 31, 33, 34, or 36 no later than September 12, 2014.

3   *Id.* at 4.  The order explicitly stated that requests to modify the schedule would be looked upon

4   with disfavor and must be supported by good cause.  *Id.*

5   ## II.  Plaintiff's Motion

6          A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P.

7   16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline

8   despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

9   Cir. 1992).

10         Plaintiff's motion, which seeks a forty-five day extension to file his requests for

11  discovery, is based on his alleged inability to access the prison's law library due to "excessive

12  unwarranted lockdowns" and delays in the prison's processing of legal mail.  ECF No. 41 at 1-2.

13  In their opposition to plaintiff's motion, defendants emphasize the vagueness of plaintiff's

14  assertions.  ECF No. 42 at 3.  Specifically, defendants note that plaintiff has not identified the

15  dates or duration of the lockdowns, nor explained how the lockdowns, his inability to access the

16  law library, or the delays in mail processing affected his ability to serve discovery requests.  *Id.*

17  Notwithstanding the lack of detail in his motion, plaintiff should have an appropriate opportunity

18  to conduct discovery.  *See Calloway v. Veal*, 571 F. App'x 626, 627-28 (9th Cir. 2014) (finding

19  that the district court erred by not providing a pro per inmate "an appropriate opportunity to

20  conduct discovery," where the scheduling order gave the parties three and a half months from the

21  filing of the answer to complete discovery).

22  ## III.  Order

23         Good cause appearing, it is HEREBY ORDERED that:

24         1.  Plaintiff's motion to modify the scheduling order (ECF No. 41) is GRANTED.

25         2.  The parties may conduct discovery until March 9, 2015.  Any motions necessary to

26  compel discovery shall be filed by that date.  All requests for discovery pursuant to Federal Rules

27  of Civil Procedure 31, 33, 34, or 36 shall be served not later than December 29, 2014.

28  /////

1     3. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no

2 later than March 9, 2015.[1]

3     4. Dispositive motions shall be filed on or before June 1, 2015. Motions shall be briefed

4 in accordance with paragraph 8 of the order filed September 5, 2013.

5     5. The court will schedule pretrial proceedings, if necessary, upon the resolution of any

6 pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and

7 must be supported by good cause pursuant to Federal Rule of Civil Procedure 16(b).

8 DATED: November 14, 2014.

9

10                 EDMUND F. BRENNAN

11                 UNITED STATES MAGISTRATE JUDGE

---

[1] Any motion to amend must be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. Local R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (explaining the "'amended complaint supersedes the original, that latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

3